UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NO SUMMONS ISSUED

------------------------------------------------------------X

SHAMISHA GOLDSON

CV 12 - 1267

Plaintiff,

-against-

**COMPLAINT**

CITY OF NEW YORK, POLICE OFFICER MCGIVNEY
TAX ID 942162, SERGEANT RAMIREZ
and POLICE OFFICERS JOHN DOE and
RICHARD ROE (names and number
of whom are unknown at present) and other
unidentified members of the New York City
Police Department

JOHNSON, J

**JURY DEMAND**

Defendants.

------------------------------------------------------------X

POHORELSKY, M.J.

### PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. Plaintiffs were deprived of their constitutional and common law rights when the individual defendants while acting alone and/or in concert unlawfully confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional

provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff Shamisha Goldson is a resident of the County of Newark, State of New Jersey. Ms. Goldson is a citizen of the United States, and is and was at all times relevant herein a resident of the City of Newark.

6. New York City Police Officers McGivney, whose tax identification number is 942162, and Sergeant Ramirez, and police officers John Doe and Richard Roe are and were at all times relevant herein officers, employees and agents of the New York City Police Department. The individual defendants are being sued in their individual and official capacities.

7. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct

incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

8. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant, the City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACT

9. On June 7, 2011, at approximately three in the afternoon, plaintiff, a twenty-three year old young woman, was staying at a friends house located at 1027 Belmont Avenue in Brooklyn, NY.

10. Plaintiff was inside of the apartment with approximately four other persons when police officers forced their way into the home without a warrant, exigent circumstances or permission.

11. Plaintiff was sitting on a couch when police officers entered. She was detained and searched for no apparent reason.

12. In the course of this search and seizure, plaintiff, while in the presence of several male police officers, along with the other individuals in the home at the time, was forced to shake her bra

lose, thereby exposing part of her breast. Plaintiff was extremely embarrassed and humiliated at being forced to do this by police officers of the New York Police Department.

13. Nothing was recovered from the plaintiff or from any of her belongings plaintiff yet approximately five to ten minutes after police officers arrived, they placed her in handcuffs.

14. Shortly after placing plaintiff in handcuffs, police officers searched the apartment. What they recovered was marijuana in the bookbag of separately charged defendant Magnus Jackson.

15. After her arrest, plaintiff was transported to the 75th precinct (NBBN Command) where she was held until approximately 11pm.

16. Police officers charged her with Criminal Sale of Marijuana in the Fourth Degree, P.L. §221.40.

17. Plaintiff was eventually transported to Brooklyn Criminal Court and held in custody overnight.

18. Prosecutors declined to prosecute a case against plaintiff.

19. Plaintiff was not released from custody until approximately noon on June 8, 2011 after having spent approximately twenty one hours in custody.

20. As a direct and proximate result of the acts of defendants, plaintiff suffered violation of civil rights, embarrassment, humiliation, loss of liberty, loss of income, psychological injury, pain, suffering, emotional distress and mental anguish.

21. A notice of claim was served on the Comptroller of the City of New York and at least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth Amendment and

## Fourteenth Amendment Rights

22. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 21 with the same force and effect as if more fully set forth at length herein.

23. Defendants who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest

24. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 22 with the same force and effect as if more fully set forth at length herein.

25. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

26. Defendants were at all times agents, servants, and employees acting within the

5

scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

27. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## THIRD CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

28. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 27 with the same force and effect as if more fully set forth at length herein.

29. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the defendants, individuals who were unfit for the performance of police duties on June 7, 2011, at the aforementioned location.

30. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

31. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff shall recover compensatory damages in the sum of $1,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

1. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. §1988.

2. That the plaintiff have such other and further relief as the Court shall deem just and proper.

DATED:   February 17, 2012
         New York, New York

Christine Delince, Esq
The Law Offices of Onaodowan & Delince)
1370 Broadway
Suite 518
New York, NY 10018
(646) 380-1811